**UNITED STATES of America,**
**Appellee–Cross–Appellant,**

v.

**Roberto THOMPSON, Defendant–**
**Appellant–Cross–Appellee.**

Nos. 06–1234–cr(L), 06–1824–cr(XAP).

United States Court of Appeals,
Second Circuit.

Feb. 7, 2008.

Elie Honig, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York (Daniel A. Braun, of counsel), New York, N.Y., for Appellee–Cross–Appellant.

James M. Branden, New York, N.Y., for Defendant–Appellant–Cross–Appellee.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Roberto Thompson was convicted in the United States District Court for the Southern District of New York (Hellerstein, *J.*) of violating the Hobbs Act, 18 U.S.C. § 1951, possessing and discharging a weapon during and in furtherance of a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c), and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). He appeals his conviction. We assume the parties' familiarity with the facts and procedural history of the case.

■ Appellant first asserts that there was insufficient evidence that the robbery in which he participated affected interstate commerce. A defendant challenging the sufficiency of the evidence underlying a criminal conviction bears a "heavy burden" because this Court "must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir.2004). Additionally, in a Hobbs Act prosecution, "it is well established that the burden of proving a nexus to interstate commerce is minimal." *United States v. Elias*, 285 F.3d 183, 188 (2d Cir.2002). "[I]f the defendants' conduct produces any interference with or effect upon interstate commerce, whether slight, subtle or even potential, it is sufficient to uphold a prosecution under the Hobbs Act." *United States v. Perrotta*, 313 F.3d 33, 36 (2d Cir.2002) (quoting *Jund v. Town of Hempstead*, 941 F.2d 1271, 1285 (2d Cir.1991)). Accordingly, we have upheld Hobbs Act convictions for robberies of neighborhood grocery stores very much like the one here. *See Elias*, 285 F.3d at 187–89; *United States v. Mapp*, 170 F.3d 328, 336 n. 13 (2d Cir.1999). Contrary to Appellant's claims, nothing in the record suggests that the grocery store here had ceased to replenish stock with items sold in interstate commerce as of the date of the robbery. Indeed, the owner of the store testified that robberies were the primary cause of his decision to close the store approximately nine months after Appellant robbed it. This testimony, which we must assume the jury credited, is sufficient evidence of an interstate commerce nexus for a Hobbs Act conviction.

■ Appellant also contends that the jury charge was erroneous because it marshaled evidence supporting an interstate commerce nexus in the case, but omitted the defense theory that the Government had not proven the interstate commerce element of the Hobbs Act count and because one sentence of the charge was phrased in general, abstract terms. Because the defense raised no objection to the charge at trial and proposed no additional language, our review is limited to plain error, which we do not identify in this case. "A jury instruction is erroneous if it misleads that jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Pimentel*, 346 F.3d 285, 301 (2d Cir. 2003) (internal quotation marks and cita-

tion omitted). Our review of jury charges is holistic—we do not examine words or phrases in isolation, but rather in the context of the entire charge. *United States v. Carr*, 880 F.2d 1550, 1555 (2d Cir.1989).

Because the minimal contact necessary to prove an interstate commerce nexus may not be readily apparent to a jury, a district court may point to evidence in the case that, *if credited by the jury*, would be sufficient to establish this element. Thus, we reject Appellant's marshaling charge as without merit. Because there was no evidence in the record that the grocery store had ceased to order goods in interstate commerce as of the time Appellant robbed it, the judge was under no obligation to inform the jury of the defense theory that the store's closing precluded the finding of a nexus. The judge's obligation to be fair to both sides in his charge, *see United States v. Allen*, 127 F.3d 260, 264 (2d Cir.1997), does not include an obligation to advance defense theories unsupported by the evidence, let alone to do so when no such instruction is requested. Moreover, viewing the charge as a whole, we conclude that the use of, allegedly, general, abstract language in a single sentence was not likely to mislead the jury.

Accordingly, we AFFIRM the judgment of the district court.